Rufrin, C. J.
 

 In the view of this Court the two covenants, growing out of the same contract and executed at one and the same time, are to be taken together and regarded as one instrument; and although at law, from the forms of pleading, the present plaintiff could not avail himself of the default ofLindsay in not performing the agreement on his part, but was'obliged to submit to a judgment for the value of the articles, which he contracted to deliver, yet there is no principle of equity better settled, than that a person shall not insist upon the execution of a contract by another, when he, himself, has failed and is unable to fulfil the stipulations on his part, which formed the inducement to the other party to enter into the contract. It is a case in which the consid eration wholly fails; but as that cannot be shewn at law when the contract is in the form of independent covenants in separate instruments, the plaintiff is under the necessity op coming here to restrain the. other party from the nuconscientious use of that legal advantage. There is a clear equity in favor of the plaintiff against Lindsay, who cannot be allowed to make the plaintiff pay for what he never got and cannot get. That equity, indeed, was but feebly questioned at the bar; but the case was put on another point.
 

 It was said, that an equal or superior equity arises in favor of the other defendant, Black, as a purchaser for value and without notice of the plaintiff’s equity. But that is contrary to settled principles. For the advantage of trade and the credit of negotiable paper, the assignees of such instruments, before their dishonor, held them as absolute owners both at law and in equity, without any regard to the state of the dealings between the original parties, unless the assignee have notice that his assignor ought not to pass off the paper. That is by force of the law merchant, or the statutes which.
 
 *80
 
 and encourage the negotiation of those instruments> aQd, consequently, should protectthose whoinnocently take them. But for that reason, it is clear that an assjgnee COuld have only the rights of the assignor; since the latter can pass no more than he has. And such, therefore, is the rule of equity in respect to the assignment of
 
 dioses in action
 
 or instruments not legally negotiable. The rule has been often laid down and never disputed. In
 
 Coles v Jones,
 
 2 Ver. 692 it is said, that the assignee, though, he comes in upon full and valuable consideration, takes a bond (not negotiable) subject to the same equity, as it was in the obligee’s hands. In
 
 Tuston
 
 v
 
 Benson,
 
 2 Vern. 764, jt is again said, that the assignment to the creditors did not alter the case: a bond, being assignable only in equity, is still liable to and attended with the same equity, as if remaining with the obligee. And in the same case, as reported in 1 Pr. Wms. 496, the doctrine and the reasons for it are yet more fully stated. It is there declared, that the assignee is in no better condition than the assignor; for suppose one should assign over a satisfied bond as a security for a just debt, the assignee could not set it up in equity, as it receives no new force from the assignment. And it was laid down, that it was incumbent on any one, who took an assignment of a bond, to be informed by the obligor concerning the
 
 quantum
 
 due upon it; which if he neglected to do, it was his own fault, and he should not take advantage of his own
 
 ladies.
 
 In truth, the assignee of a
 
 chose in action
 
 gets no
 
 title to it,
 
 properly speaking, and cannot be said to be a purchaser without .notice. He gets only the right to use the assignor’s name to enforce the claim, and therefore to recover what the assignor might; and the very nature of the subject warns him of the necessity of enquiring respecting the obligor’s equity, and, therefore, amounts to notice of such equity. If, upon enquiry, the obligor misinform him, or if the obligor acquiesce in the assignment, and delay for a long time to bring forward his equity, such conduct might vary the rule, and give the assignee rights, which the assignment itself would not. The general principle has also been long recog
 
 *81
 
 nized in this State;
 
 Welch
 
 v
 
 Watkins,
 
 1 Hay. 389, and was recently acted on by this Court in
 
 Moody
 
 v
 
 Sitton, 2
 
 Ired. Eq. 381. The present plaintiff has by no conduct of'his impaired his equity, as between him and Black ; and, therefore, the latter stands merely in the place of Lindsay, and the plaintiff has a right to have deducted from the judgment against him the value of such part of the corn as he did not receive and the interest thereon. What that was will, of course, be the subject of enquiry in a future stage of the cause, and in the meantime the injunction was properly continued.
 

 It will therefore be certified to the Court of Equity that there is no error in the decree appealed from; and the appellant must pay the costs of this Court.
 

 Per Curiam, Ordered accordingly.